**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JENNIFER STANTON** ) | |
| ) | **Civil Action No.** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **NATIONAL CREDIT WORKS, INC.** ) | |
| **and GREGORY G. EMMINGER** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

1.      This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (hereafter the "TCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*, and other common law claims.   These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff Jennifer Stanton is an adult individual residing at 6017 Haverford Avenue, Philadelphia, Pennsylvania 19151.

5.      Defendant National Credit Works, Inc.  ("NCW")is a business entity with its principal office located at 3719 Union Road, Suite 221, Cheektowaga, New York 14225**.**  The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

6.      Defendant Gregory G. Emminger  is an officer, director, shareholder and founder of NCW with his principal place of business located at 3719 Union Road, Suite 221, Cheektowaga, New York 14225.  At all times material hereto, upon information and belief, Defendant Emminger controlled, directed, commingled and intermingled funds received from consumers for his own economic use and benefit.

## FACTUAL ALLEGATIONS

7.      At all pertinent times hereto, Defendants were hired to collect a debt relating to a pay day loan (hereafter the "debt").

8.      The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

9.      In or around late February or early March 2011, Defendants began contacting Plaintiff on Plaintiff's cellular telephone approximately two times daily in an attempt to collect the debt. Defendants have been calling Plaintiff's cellular telephone number using artificial and/or prerecorded voice technology to coerce payment of the debt, with the intent to annoy, abuse, or harass Plaintiff.

10.      Notwithstanding the above, in or around early March 2011, Defendants began contacting Plaintiff at Plaintiff's workplace approximately two times daily in an attempt to collect the debt with the intent to annoy, abuse, and harass. During the first conversation that Defendants had contacted Plaintiff at her place of employment, Plaintiff had requested that

Defendants cease contacting her at her workplace because Plaintiff was prohibited from receiving these types of calls at work. Defendants nonetheless contacted Plaintiff on three additional occasions that same day by calling Plaintiff's place of employment and continued making calls thereafter.

11.     Notwithstanding the above, in or around late March or early April 2011, Defendants contacted Plaintiff's partner and left two voicemails disclosing the debt in an attempt to collect the debt and with the intent to annoy, abuse, and harass.

12.     Notwithstanding the above, in or around late March or early April 2011, Defendants contacted Plaintiff's sister and left two voicemails disclosing the debt in an attempt to collect the debt and with the intent to annoy, abuse, and harass.

13.     Notwithstanding the above, on or about April 6, 2011, Defendants contacted Plaintiff on Plaintiff's cellular telephone in an attempt to collect the debt with the intent to annoy, abuse, and harass Plaintiff. During this conversation, Defendants' representative identified himself as an attorney named "Thomas LeSabre", that he was in the middle of filing legal paperwork to charge Plaintiff with criminal fraud, that there was an officer on the line, that a lawsuit would be filed against Plaintiff, and that Plaintiff would be arrested at her workplace by the end of the day. Additionally, Defendants advised Plaintiff that her wages would be garnished and that under Pennsylvania law, Defendants would be able to garnish the entirety of Plaintiff's paycheck in lieu of just a portion of it.

14.     Notwithstanding the above, on or about April 6, 2011, after the above referenced conversation, Defendants proceeded to contact Plaintiff again at her place of employment on three additional occasions in an attempt to collect the debt with the intent to annoy, abuse, or harass Plaintiff.

3

15.     Notwithstanding the above, on or about April 7, 2011, Defendants contacted Plaintiff's Human Resources Director and left a voicemail disclosing the debt which stated that the purpose of the call was to verify Plaintiff's employment and requested that Plaintiff call Defendants back immediately. Plaintiff called Defendants back per Defendants' request and was advised that Defendants would be moving forward with wage garnishment.

16.     Defendants acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer for the purpose of acquiring anything other than location information about the consumer.

17.     Defendants acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the debt and disclosing the debt to that person.

18.     Defendants acted in a false, deceptive, misleading and unfair manner by communicating with any other person than the consumer on more than one occasion.

19.     Defendants acted in a false, deceptive, misleading and unfair manner by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

20.     Defendants acted in a false, deceptive, misleading and unfair manner by communicating with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

21.     Defendants acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer in connection with the collection of any debt.

4

22.     Defendants acted in a false, deceptive, misleading and unfair manner by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

23.     Defendants acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

24.     Defendants acted in a false, deceptive, misleading and unfair manner by using false, deceptive, or misleading representation or means in connection with the collection of any debt.

25.     Defendants acted in a false, deceptive, misleading and unfair manner by falsely representing the character, amount, or legal status of any debt.

26.     Defendants acted in a false, deceptive, misleading and unfair manner by falsely representing or implying that any individual is an attorney or that any communication is from an attorney.

27.     Defendants acted in a false, deceptive, misleading and unfair manner by representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the garnishment of any wages of any person unless such action is lawful and the debt collector intends to take such action.

28.     Defendants acted in a false, deceptive, misleading and unfair manner by threatening to take any action that cannot legally be taken or that is not intended to be taken.

29.     Defendants acted in a false, deceptive, misleading and unfair manner by falsely representing or implying that the consumer committed any crime or other conduct to disgrace the consumer.

30.     Defendants acted in a false, deceptive, misleading and unfair manner by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

31.     Defendants acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

32.     Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

33.     At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

34.     At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

35.     As a result of Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I - VIOLATIONS OF THE FDCPA

36.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

38.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

39.     The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

40.     Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(2)(A), 1692e(3), 1692e(4), 1692e(5), 1692e(7), 1692e(10), and 1692f, as evidenced by the following conduct:

(a)     Communicating with any person other than the consumer for the purpose of acquiring anything other than location information;

(b)     Communicating with any person other than the consumer and disclosing the debt to that person;

(c)     Communicating with any person other than the consumer on more than one occasion;

(d)     Communicating with the consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer;

(e)     Communicating with the consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector has reason to know that the consumer's employer prohibits the consumer from receiving such communication;

(f)     Communicating with any person other than the consumer in connection with the collection of any debt;

(g)     Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(h)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(i)     Falsely representing the character, amount, or legal status of any debt;

(j)     Falsely representing or implying that any individual is an attorney or that any communication is from an attorney;

(k)     Representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the garnishment of wages of any person unless such action is lawful and the debt collector intends to take such action;

(l)     Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(m)     Falsely representing or implying that the consumer committed any crime or other conduct in order to disgrace the consumer;

(n)     Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(o)     Using unfair or unconscionable means to collect or attempt to collect any debt.

41.     Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

42.     As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – VIOLATIONS OF THE TCPA

43.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44.     At all times relevant hereto, Defendants used, controlled and/or operated "automatic telephone dialing systems" as defined by §227(a)(1) of the TCPA.

45.     Defendants initiated multiple calls to Plaintiff's telephone line using artificial and or prerecorded voices to deliver messages without express consent of Plaintiff in violation of 47 U.S.C. §§ 227(b)(1)(A)(3) of the TCPA.

46.     The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent from bona fid error, lawful right, legal defense, legal justification, or legal excuse.

47.     As a result of the above violation of the TCPA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages, and treble damages.

## COUNT III – VIOLATIONS OF THE FCEUA AND UTPCPL

48.     Plaintiff incorporates the foregoing paragraph as though the same were set forth at length herein.

49.     Defendants are "debt collector" as defined by 73 P.S. § 2271.3 of the FCEUA.

9

50.     Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

51.     The above contacts by Defendants are "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

52.     Defendants engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA. Defendants' violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

> (a) Communicating with any person other than the consumer for the purpose of acquiring anything other than location information;
>
> (b) Communicating with any person other than the consumer on more than one occasion;
>
> (c) Communicating with the consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer;
>
> (d) Communicating with the consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector has reason to know that the consumer's employer prohibits the consumer from receiving such communication;
>
> (e) Communicating with any person other than the consumer in connection with the collection of any debt;

(f) Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(g) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(h) Falsely representing the character, amount, or legal status of any debt;

(i) Falsely representing or implying that any individual is an attorney or that any communication is from an attorney;

(j) Representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the garnishment of wages of any person unless such action is lawful and the debt collector intends to take such action;

(k) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(l) Falsely representing or implying that the consumer committed any crime or other conduct in order to disgrace the consumer;

(m) Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(n) Using unfair or unconscionable means to collect or attempt to collect any debt.

53.     Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

54.     As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT IV – INVASION OF PRIVACY

55.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

56.     Defendants' conduct, including but not limited to continuing to contact Plaintiff at Plaintiff's place of employment after Plaintiff requested that Defendants cease doing so as well as threatening Plaintiff that she would be arrested and sued in court for criminal charges, constitutes an invasion of privacy.

57.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

58.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

12

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C**.

BY:     */s/ Mark D. Mailman*
         MARK D. MAILMAN, ESQUIRE
         GREGORY J. GORSKI, ESQUIRE
         Land Title Building, 19th Floor
         100 South Broad Street
         Philadelphia, PA 19110
         (215) 735-8600

         Attorneys for Plaintiff

DATE: August 26, 2011